IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br>    Joseph Anthony Nicotera<br>    and Carolyn Marie Nicotera,<br>        Debtors. | Case No. 20-31700-KLP<br>Chapter 13 |

**OBJECTION OF VIRGINIA PARTNERS BANK TO
DEBTORS' MOTION TO IMPOSE AUTOMATIC
STAY AND MOTION TO EXTEND AUTOMATIC STAY**

Virginia Partners Bank ("VPB" or "Lender"), a secured creditor herein, by and through the undersigned counsel, respectfully files its Objection with respect to the Motion to Impose Automatic Stay and Motion to Extend Automatic Stay (the "Motion") (Docket No. 7) filed by Joseph Anthony Nicotera ("Mr. Nicotera") and Carolyn Marie Nicotera ("Mrs. Nicotera") (collectively, "Debtors"), and in support thereof states as follows:

Introduction

In jointly filing the above-captioned case under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*. (the "Bankruptcy Code"), Mr. Nicotera has now commenced **three** cases in the past ten months and Mrs. Nicotera has commenced **two** cases during that same period. Each filing has had the effect of staying pending foreclosure efforts by VPB against residential real property jointly owned by the Debtors.

Pursuant to section 362(c)(4)(A)(i), the automatic stay no longer applies to protect Mr. Nicotera's interest in the jointly owned property. And as to Mrs. Nicotera's joint interest, section 362(c)(3)(A) limits the protections of the automatic stay to a thirty-day period.

By the Motion, each of the Debtors now seeks to either reimpose (as to Mr. Nicotera) or extend (as to Mrs. Nicotera) the automatic stay in this case. But the Debtors have each failed to

Robert F. Moorman, Esq. VSB #39129
KaneJeffries, LLP
1700 Bayberry Court, Suite 103
Richmond, VA 23226
Phone: 804-726-5845
Fax: 804-285-7365
rfm@kanejeffries.com
Counsel for Virginia Partners Bank

carry their burden of overcoming, by clear and convincing evidence, the presumption that the instant case was commenced in bad faith. For the reasons stated below, the Motion should be denied.

<u>Background</u>

1. Debtors own or hold an interest in the following property (hereinafter the "Property"):

> That certain parcel of land in Chancellor District, Spotsylvania County, Virginia, shown as Lot 3, of Edgerton Subdivision, shown on plat of Sullivan, Donahoe and Ingalls, Engineers and Surveyors, dated April 2, 1997 and recorded in Plat file 6, pages 390-391 in the Clerk's Office of the Circuit of Spotsylvania County, Virginia. Parcel ID/Sidwell Number:  13B15 3
>
> **This Property is commonly knowns as 1415 Heatherstone Drive, Fredericksburg, VA  22407**

2. On or about October 6, 2008, VPB extended a home equity loan (the "HELOC") to Debtors in the principal amount of $119,000 plus interest, as evidenced by a Home Equity Line of Credit Agreement and Truth in Lending Disclosure Statement (the "Note") signed by Debtors on such date. On October 6, 2018, VPB entered into a written Change in Terms Agreement, whereby certain payment terms were altered and by which the principal balance of the HELOC is shown to have increased to $120,068.01.  The Note, as amended by the Change in Terms Agreement, is attached as **Exhibit A**.

3. The Note, as amended, is secured by a Deed of Trust executed by the Debtors and recorded as a lien on the Property in the Clerk's Office of the Circuit Court of Spotsylvania County as Instrument No. 080020536.  A copy of the Deed of Trust is attached as **Exhibit B**.

4. The mortgage loan account became due and payable on November 7, 2018 due to Debtors' numerous default in payment. The amount necessary to pay off the referenced loan as of the Petition Date is $145,023.34.

5. Following the Debtors' default of obligations under the Note and Deed of Trust, VPB caused a foreclosure of the Property to be scheduled for June 12, 2019 (the "First Foreclosure Sale") and notice thereof was provided to Debtors on or about May 15, 2019. A true copy of correspondence to the Debtors dated May 15, 2019 with the Trustee's Notice regarding the First Foreclosure Sale, with a Deed of Appointment of Substitute Trustee included, is attached as **Exhibit C**.

6. On June 12, 2019, Debtors jointly filed their first case in this Court under Chapter 13 of the Bankruptcy Code, Case No. 19-33126-KLP (the "First Bankruptcy Case"). The filing of the First Bankruptcy Case operated to stay the First Foreclosure Sale, which was cancelled. The First Bankruptcy case was dismissed by Order entered on September 25, 2019 due to Debtors' failure to commence Chapter 13 plan payments.

7. Following the dismissal of the First Bankruptcy Case, VPB again caused a foreclosure of the Property to be scheduled, this time for November 12, 2019 (the "Second Foreclosure Sale") and notice thereof was provided to Debtors on or about October 22, 2019. A true copy of correspondence to the Debtors dated October 22, 2019, with the Trustee's Notice regarding the Second Foreclosure Sale, is attached as **Exhibit D**.

8. On November 8, 2019, Mr. Nicotera solely filed a voluntary petition in this Court, thereby initiating a second Chapter 13 case, Case No. 19-35903-KRH (the "Second Bankruptcy Case"). The Second Bankruptcy Case operated to stay the Second Foreclosure Sale, which was cancelled. The Second Bankruptcy Case was dismissed by Order entered on February 19, 2020 due to Mr. Nicotera's failure to commence Chapter 13 plan payments.

9. Following the dismissal of the Second Bankruptcy Case, VPB again caused a foreclosure of the Property to be scheduled, this time for Monday, March 30, 2020 (the "Third Foreclosure Sale") and notice thereof was provided to Debtors on or about March 10, 2019. A true

copy of correspondence to the Debtors dated March 10, 2019, with the Trustee's Notice regarding the Third Foreclosure Sale, is attached as **Exhibit E**.

10. On Friday, March 27, 2020 (the "Petition Date") Debtors jointly filed the above-captioned Chapter 13 case (the "Third Bankruptcy Case"). Pursuant to the provisions of section 362(c)(4)(A), the filing of the Third Bankruptcy case did *not* operate to stay the Third Foreclosure Sale as to Mr. Nicotera. However, since the Third Bankruptcy Case was only the second case naming Mrs. Nicotera as Co-Debtor, VPB cancelled the Third Foreclosure Sale to avoid violation of the automatic stay as to Mrs. Nicotera.

<u>Argument</u>

11. In the Motion, Mr. Nicotera requests that this Court impose the automatic stay as to him pursuant to 11 U.S.C. § 362(c)(4)(B). In order to grant the relief requested under that provision, the Court must find that Mr. Nicotera's filing of this Third Bankruptcy Case was in "good faith" as to the creditors to be stayed. Pursuant to § 362(c)(4)(D), a presumption arises that this case was <u>not</u> filed in good faith, as to all creditors, because Mr. Nicotera filed the First Bankruptcy Case and Second Bankruptcy Case within the year preceding the Petition Date. 11 U.S.C. § 362(c)(4)(D)(i). This presumption may only be rebutted by "clear and convincing evidence to the contrary." Id. 11 U.S.C. § 362(c)(4)(D).

12. Far short of providing clear and convincing evidence, Mr. Nicotera offers **no** basis whatsoever to rebut the presumption of bad faith in this case. Indeed, there is no suggestion in the Motion that Mr. Nicotera has seen a substantial change in his financial condition since the dismissal of the Second Bankruptcy Case, and no suggestion of any difference in circumstances that would lead to a result different from the failures of the two previous cases that he commenced. All that we have is the unrebutted presumption that this Third Bankruptcy Case--filed after two previous case dismissals within the past 10 months for failure to make plan payments--is part of a scheme to

delay, hinder, or defraud creditors from pursuing their contractual and state law rights. As such, the commencement of the instant case by Mr. Nicotera constitutes an abuse of the provisions of 11 U.S.C. § 362.

13. Mrs. Nicotera's motion to extend the automatic stay pursuant to 11 U.S.C. § U.S.C. 362(c)(3)(B) is equally flawed. In order to grant the relief requested, similar to the requirements for Mr. Nicotera, the Court must find that Mrs. Nicotera filed this case in "good faith" as to the creditors to be stayed. Pursuant to § 362(c)(3)(C) a presumption arises that this case was **not** filed in good faith, as to all creditors, because Mrs. Nicotera co-filed the First Bankruptcy Case within the past year. This presumption may only be rebutted by "clear and convincing evidence to the contrary." Id. 11 U.S.C. § 362(c)(3)(C).

14. Once again, as with her husband, Mrs. Nicotera offers **no** basis whatsoever to rebut the presumption of bad faith in this case. There is no suggestion in the Motion that Mrs. Nicotera has seen a substantial change in her financial condition since the dismissal of the First Bankruptcy Case, and no suggestion of any difference in circumstances that would lead to a result different from the failure of her previous case. All that we have is the unrebutted presumption that this Third Bankruptcy Case--filed after a previous case dismissal within the past 10 months for failure to make plan payments--is part of a scheme to delay, hinder, or defraud creditors from pursuing their contractual and state law rights. As such, the commencement of the instant case by Mrs. Nicotera similarly constitutes an abuse of the provisions of 11 U.S.C. § 362.

15. Debtors have therefore failed to overcome with any evidence (let alone clear and convincing evidence) the presumption that the instant case has been commenced in bad faith. As such, there is no basis to reimpose the automatic stay as to Mr. Nicotera or to extend the automatic stay as to Mrs. Nicotera.

WHEREFORE, for the foregoing reasons, VPB respectfully request that the Court enter an Order denying the Motion and providing such other and further relief as is just and proper.

Dated:  April 10, 2020	Respectfully submitted

/s/ Robert F. Moorman
Robert F. Moorman, Esq.  VSB #39129
KaneJeffries, LLP
1700 Bayberry Court, Suite 103
Richmond, VA  23226
Phone: (804) 726-5845
Facsimile: (804) 441-8201
Email:  rfm@kanejeffries.com
Counsel for Virginia Partners Bank

# **CERTIFICATE OF SERVICE**

      I hereby certify that on April 10, 2020, I caused a true and correct copy of the foregoing to be served on all persons required to receive notice under Local rule 4001(a)-1(F), by means of electronic transmission through the ECF system upon all persons designated to receive notice thereunder, and by mailing a true and correct copy to the following persons:

Suzanne E. Wade, Trustee
7202 Glen Forest Drive, Ste. 202
Richmond, VA  23226

James E. Kane
Kane & Papa, PC
1313 East Cary Street
P.O. Box 508
Richmond, VA  23218-0508

Joseph A. Nicotera
1415 Heatherstone Drive
Fredericksburg, VA  22407

Carolyn M. Nicotera
1415 Heatherstone Drive
Fredericksburg, VA  22407

                                                  /s/ Robert F. Moorman
                                                  Robert F. Moorman