**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **In re:**<br>    **Joseph Anthony Nicotera<br>    and Carolyn Marie Nicotera,<br>        Debtors.** | )<br>)<br>)<br>)<br>)<br>) | **Case No. 20-31700-KLP<br>Chapter 13** |
| **Virginia Partners Bank,<br>        Movant,**<br>**v.**<br>**Joseph A. Nicotera<br>and Carolyn Marie Nicotera,**<br>        **Respondents.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Relief from Stay** |

**MOTION OF VIRGINIA PARTNERS BANK
FOR *IN REM* RELIEF FROM AUTOMATIC STAY
(1415 Heatherstone Drive, Fredericksburg, VA 22407)**

**NOTICE**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one on this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

**If you do not wish the Court to grant the relief sought in this motion, or if you want the court to consider your views on this motion, then within FOURTEEN (14) days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the movant. Unless a written response is filed and served within this FOURTEEN day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.**

**If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the FOURTEEN day period.**

**ATTEND THE PRELIMINARY HEARING SCHEDULED TO BE HELD ON April 29, 2020 AT 9:00 A.M. IN THE UNITED STATES BANKRUPTCY COURT, RICHMOND DIVISION, 701 EAST BROAD STREET, COURTROOM 5100, RICHMOND, VIRGINIA.**

Robert F. Moorman, Esq. VSB #39129
KaneJeffries, LLP
1700 Bayberry Court, Suite 103
Richmond, VA 23226
Phone: 804-726-5845
Fax: 804-285-7365
rfm@kanejeffries.com
Counsel for Virginia Partners Bank

Virginia Partners Bank ("VPB" or "Movant"), a secured creditor herein, by and through the undersigned counsel, pursuant to 11 U.S.C. § 362 (d)(4), Fed. R. Bankr. P. 4001(a), and Local Rules 4001(a)-1 and 9013-1, respectfully requests the entry of an Order granting *in rem* relief from the automatic stay to enforce all of its contractual and state law rights to possession with respect to certain residential real property jointly owned by Joseph Anthony Nicotera ("Mr. Nicotera") and Carolyn Marie Nicotera ("Mrs. Nicotera") (collectively, "Debtors") and more particularly described below, and in support thereof states as follows:

Introduction

In jointly filing the above-captioned case under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*. (the "Bankruptcy Code"), Mr. Nicotera has now commenced **three** cases in the past ten months and Mrs. Nicotera has commenced **two** cases during that same period. Each filing has had the effect of thrice staying pending foreclosure efforts by VPB against residential real property jointly owned by the Debtors.

Pursuant to section 362(c)(4)(A)(i), the automatic stay no longer applies to protect Mr. Nicotera's interest in the jointly owned property. And as to Mrs. Nicotera's joint interest, section 362(c)(3)(A) limits the protections of the automatic stay to a thirty-day period.

Although the Debtors have filed a Motion (Docket No. 7) seeking to reimpose (as to Mr. Nicotera) or extend (as to Mrs. Nicotera) the automatic stay in this case, VPB has opposed their requested relief because they have each failed to carry their burden of overcoming, by clear and convincing evidence, the presumption that the instant case was commenced in bad faith.

VPB now seeks *in rem* relief from the automatic stay so as to prevent further bad faith efforts by the Debtors to hinder or delay VPB's legitimate attempts to foreclose on the jointly owned property.

2

Jurisdiction

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and 11 U.S.C. § 362 (d) and (e) and Federal Rules of Bankruptcy Procedure 4001(a) and 9014. This action is a core proceeding within the meaning of 28 U.S.C. § 157 and venue is proper in this district and division pursuant to 28 U.S.C. §§ 1408 and 1409.

Background

2. VPB is a mortgage lender with corporate offices in Fredericksburg, VA.

3. Suzanne E. Wade is the Chapter 13 Trustee in the present case.

4. Debtors own or hold a joint interest in the following property (hereinafter the "Property"):

> That certain parcel of land in Chancellor District, Spotsylvania County, Virginia, shown as Lot 3, of Edgerton Subdivision, shown on plat of Sullivan, Donahoe and Ingalls, Engineers and Surveyors, dated April 2, 1997 and recorded in Plat file 6, pages 390-391 in the Clerk's Office of the Circuit of Spotsylvania County, Virginia. Parcel ID/Sidwell Number:  13B15 3
>
> **This Property is commonly knowns as 1415 Heatherstone Drive, Fredericksburg, VA  22407**

5. On or about October 6, 2008, VPB extended a home equity loan (the "HELOC") to Debtors in the principal amount of $119,000 plus interest, as evidenced by a Home Equity Line of Credit Agreement and Truth in Lending Disclosure Statement (the "Note") signed by Debtor and Co-Debtor on such date. On October 6, 2018, VPB entered into a written Change in Terms Agreement, whereby certain payment terms were altered and by which the principal balance of the HELOC is shown to have increased to $120,068.01.  The Note, as amended by the Change in Terms Agreement, is attached as **Exhibit A**.

6. The Note, as amended, is secured by a Deed of Trust executed by the Debtors and recorded as a lien on the Property in the Clerk's Office of the Circuit Court of Spotsylvania County as Instrument No. 080020536.  A copy of the Deed of Trust is attached as **Exhibit B**.

7. The mortgage loan account became due and payable on November 7, 2018 due to Debtors' numerous defaults in payment. The amount necessary to pay off the referenced loan as of the Petition Date is $145,023.34.

8. Following the Debtors' default of obligations under the Note and Deed of Trust, VPB caused a foreclosure of the Property to be scheduled for June 12, 2019 (the "First Foreclosure Sale") and notice thereof was provided to Debtors on or about May 15, 2019.  A true copy of correspondence to the Debtors dated May 15, 2019 with the Trustee's Notice regarding the First Foreclosure Sale, with a Deed of Appointment of Substitute Trustee included, is attached as **Exhibit C**.

9. On June 12, 2019, Debtors jointly filed their first case in this Court under Chapter 13 of the Bankruptcy Code, Case No. 19-33126-KLP (the "First Bankruptcy Case").  The filing of the First Bankruptcy Case operated to stay the First Foreclosure Sale, which was cancelled.  The First Bankruptcy case was dismissed by Order entered on September 25, 2019 due to Debtors' failure to commence Chapter 13 plan payments.

10. Following the dismissal of the First Bankruptcy Case, VPB again caused a foreclosure of the Property to be scheduled, this time for November 12, 2019 (the "Second Foreclosure Sale") and notice thereof was provided to Debtors on or about October 22, 2019.  A true copy of correspondence to the Debtors dated October 22, 2019, with the Trustee's Notice regarding the Second  Foreclosure Sale is attached as **Exhibit D**.

11. On Friday, November 8, 2019, Mr. Nicotera solely filed a voluntary petition in this Court, thereby initiating a second Chapter 13 case, Case No. 19-35903-KRH (the "Second

Bankruptcy Case"). The Second Bankruptcy Case operated to stay the Second Foreclosure Sale, which was cancelled. The Second Bankruptcy Case was dismissed by Order entered on February 19, 2020 due to Mr. Nicotera's failure to commence Chapter 13 plan payments.

12. Following the dismissal of the Second Bankruptcy Case, VPB again caused a foreclosure of the Property to be scheduled, this time for Monday, March 30, 2020 (the "Third Foreclosure Sale") and notice thereof was provided to Debtors on or about March 10, 2019. A true copy of correspondence to the Debtors dated March 10, 2019 with the Trustee's Notice regarding the Third Foreclosure Sale, is attached as **Exhibit E**.

13. On Friday, March 27, 2020, Debtors jointly filed the above-captioned Chapter 13 case (the "Third Bankruptcy Case"). Pursuant to the provisions of section 362(c)(4)(A), the filing of the Third Bankruptcy case did *not* operate to stay the Third Foreclosure Sale as to Mr. Nicotera. However, since this Third Bankruptcy Case was only the second case naming Mrs. Nicotera as Co-Debtor, VPB cancelled the Third Foreclosure Sale to avoid violation of the automatic stay as to Mrs. Nicotera.

14. On April 1, 2020, the Debtors filed a Motion (Docket No. 7) requesting that this Court reimpose the automatic stay as to Mr. Nicotera and extend the automatic stay as to Mrs. Nicotera. The Debtors provide no evidence of any sort that their financial circumstances have changed in any material respect. As such, it is fully expected that the Debtors will fail to confirm a Chapter 13 plan in the instant case.

<u>Argument</u>

15. 11 U.S.C. § 362 (d)(4) provides that a bankruptcy court "shall grant relief" from the automatic stay to a creditor whose claim is secured by an interest in real property if the Court finds that the filing of the bankruptcy petition was "part of a scheme to delay, hinder, or defraud

5

creditors" that involved "multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B).

16. Mr. Nicotera filed his first Chapter 13 bankruptcy petition mere hours before the First Foreclosure Sale and filed the petitions initiating the Second Bankruptcy Case and the instant case on the last business day before the respective Second Foreclosure Sale and Third Foreclosure Sale. The First Bankruptcy Case and Second Bankruptcy Case were dismissed after Debtors and then Mr. Nicotera, respectively, failed to make plan payments. From the circumstances described, it is obvious that Mr. Nicotera (having had the advice and assistance of different counsel in each case filing) did not include Mrs. Nicotera--a co-owner of the Property--in his second bankruptcy filing, because he wanted to preserve the thirty-day stay that Mrs. Nicotera would have in this third case. In doing so, the Debtors were able to invoke the automatic stay, albeit temporarily, for the purpose of preventing VPB's third effort to foreclose and buying time to seek reimposition or extension of the stay under the provisions of section 362(c)(3) and (c)(4). Both Debtors are obvious participants in this scheme to hinder and delay VPB's efforts to enforce its contractual and state law rights against the Property.

17. Based upon the foregoing, good cause exists for an *in rem* termination of the stay as it applies to the Property, because the Debtors have repeatedly filed these successive cases in bad faith, solely for the purpose of invoking the stay to prevent VPB from pursuing its foreclosure efforts against the Property. These bad faith actions by the Debtors are designed to hinder, delay or defraud VPB, have caused it injury in the form of substantial and unnecessary expense and delay, and constitute an abuse of the automatic stay provided for in 11 U.S.C. §362. *See Askri v. U.S. Bank, N.A.,* 2020 WL 1150197 (ED Va. 2020)(attached as **Exhibit F**)(finding that Bankruptcy Court properly granted *in rem* relief from stay due to scheme involving multiple bankruptcy filings close to time of foreclosure).

WHEREFORE, for the foregoing reasons, VPB respectfully request that the Court (a) enter an Order lifting and terminating the automatic stay *in rem* so as to permit VPB to exercise all of its contractual and state law rights against the Property, including but not limited to its right to foreclose, and (b) provide such other and further relief as is just and proper

Dated:  April 10, 2020                    Respectfully submitted

/s/ Robert F. Moorman
Robert F. Moorman, Esq.  VSB #39129
KaneJeffries, LLP
1700 Bayberry Court, Suite 103
Richmond, VA  23226
Phone: (804) 726-5845
Facsimile: (804) 441-8201
Email:  rfm@kanejeffries.com
Counsel for Virginia Partners Bank

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 10, 2020, I caused a true and correct copy of the foregoing to be served on all persons required to receive notice under Local rule 4001(a)-1(F), by means of electronic transmission through the ECF system upon all persons designated to receive notice thereunder, and by mailing a true and correct copy to the following persons:

Suzanne E. Wade, Trustee
7202 Glen Forest Drive, Ste. 202
Richmond, VA  23226

James E. Kane
Kane & Papa, PC
1313 East Cary Street
P.O. Box 508
Richmond, VA  23218-0508

Joseph A. Nicotera
1415 Heatherstone Drive
Fredericksburg, VA  22407

Carolyn M. Nicotera
1415 Heatherstone Drive
Fredericksburg, VA  22407

                                                    /s/ Robert F. Moorman
                                                    Robert F. Moorman