**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH ANTHONY NICOTERA and | ) | Case No. 20-31700-KLP |
| CAROLYN MARIE NICOTERA, | ) | Chapter 13 |
| | ) | |
| Debtors | ) | |
| | ) | |
| VIRGINIA PARTNERS BANK, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| JOSEPH ANTHONY NICOTERA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**CONSENT ORDER CONDITIONALLY GRANTING LIFT STAY MOTION AND MODIFYING THE AUTOMATIC STAY IN FAVOR OF VIRGINIA PARTNERS BANK**

THIS MATTER comes before the Court on the Motion for *In Rem* Relief from the Automatic Stay (1415 Heatherstone Drive, Fredericksburg, VA  22407) (Docket No. 14) (the "Lift Stay Motion") filed by VPB; and it

APPEARING TO THE COURT that the Debtors are the owners of the residential real estate and improvements located at 1415 Heatherstone Drive, Fredericksburg, VA 22407, more particularly described as:

> That certain parcel of land in Chancellor District, Spotsylvania County, Virginia, shown as Lot 3, of Edgerton Subdivision, shown on plat of Sullivan, Donahoe and Ingalls, Engineers and Surveyors, dated April 2, 1997 and recorded in Plat file 6, pages 390-391 in the Clerk's Office of the Circuit of Spotsylvania County, Virginia. Parcel ID/Sidwell Number: 13B15 3.

Robert F. Moorman (VSB #39129)
KaneJeffries, LLP
1700 Bayberry Court, Suite 103
Richmond, VA 23226
Phone: (804) 726-5845
Facsimile: (804) 441-8201
Email: rfm@kanejeffries.com
Counsel for Virginia Partners Bank

("Property"); and it

FURTHER APPEARING that the parties have resolved the *Motion to Impose Automatic Stay and Motion to Extend Automatic Stay* (Docket No. 7) (the "Motion to Impose and Extend Stay") filed by Joseph Anthony Nicotera and Carolyn Marie Nicotera (the "Debtors") and VPB's *Objection* thereto (Docket No. 12)("Objection") in consideration of Debtors' agreement to modify the automatic stay imposed by 11 U.S C. §362(a) on the terms and conditions described below in this Consent Order, it is therefore

**ORDERED** that the Lift Stay Motion is conditionally GRANTED on the following terms:

1. The Debtors will timely remit all regular post-petition monthly installment payments in the amount of $1,244.37 (subject to adjustment due to interest rate changes or escrow changes) to VPB as they become due commencing on April 1, 2020.

2. In the event that any payment required by this Consent Order is not received by VPB within 15 days after it is due (hereafter referred to as an "Event of Default"), VPB may mail a notice of default to the Debtors by first class mail, postage prepaid at 1415 Heatherstone Drive, Fredericksburg, VA 22407  (and, if it desires, also by certified or registered mail) with a copy to the Debtors' counsel (James Kane, Kane & Papa, P.C., P.O. Box 508, Richmond, VA  23218) and the Chapter 13 Trustee (Suzanne E. Wade, Chapter 13 Trustee, 7202 Glen Forest Dr., Suite 202, Richmond, VA  232336) by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtors.  The notice of default will state in simple and plain language:

   a. That the Debtors are in default in making at least one payment required under this Consent Order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default; and

      c. The action necessary to cure the default, including any address to which payments must be mailed.

3. The Debtors or the Chapter 13 Trustee must take one of the following actions within fourteen (14) days after the date of mailing the notice of default pursuant to the foregoing paragraph:

      a, Cure the default; or

      b. File an objection with the Bankruptcy Court stating that no default exists and providing proof of same in the form of the front and back of a cancelled check.

4. If the Debtors or the Chapter 13 Trustee do not take one of the actions set forth in paragraph 3(a) or 3(b), VPB may submit a certificate stating that it has complied with the terms of this Consent Order and neither the Debtors nor the Chapter 13 Trustee has taken one of the actions set forth in paragraph 3(a) or 3(b) and submit together with the certificate a draft Order terminating the automatic stay with respect to the Property. The proposed Order submitted shall contain language that grants *in rem* relief to VPB pursuant to the provisions of 11 U.S.C. §362(d)(4) and provide that VPB may enforce all of its contractual and state law rights against the Property, including pursuing foreclosure.

5. If the Debtors or the Chapter 13 Trustee timely file an objection pursuant to paragraph 3(b), VPB must set the matter for hearing and notice of the hearing must be provided to the Debtor, the Debtor's counsel, and the Chapter 13 Trustee. At the hearing the Bankruptcy Court may terminate the stay and/or take other action appropriate to the circumstances.

6. Notwithstanding the provisions of paragraph 2 above, if there are two or more occurrences whereby VPB does not receive a payment required by this Consent Order within 15 days after it is due (regardless of whether the first non-payment is cured), then the automatic stay imposed by 11 U.S.C. §§ 362(a) and 1301(a) shall immediately terminate upon the filing herein

by VPB of a Notice of Stay Termination (the "Termination Notice"), substantially in the form attached to this Consent Order as Exhibit A, which Notice shall be served upon the Debtors by first class mail, postage prepaid, with an electronic copy to the Debtors' counsel and the Chapter 13 Trustee. No notice under paragraph 2 above shall be required and there shall be no opportunity to cure or object as provided in paragraphs 3(a) and/or 3(b) above. The filing of the Termination Notice shall immediately trigger the termination of the automatic stay under the express provisions of 11 U.S.C. §362(d)(4), so as to permit VPB to enforce all of its contractual and state law rights against the Property, including pursuing foreclosure.

       7.       The provisions of this Consent Order with respect to regular monthly installment payments expire five years after the date of entry of this Consent Order. In the event of a default in payment of any regular monthly installment payment due more than five year after the date of the entry of this Consent Order, VPB must obtain relief by filing a new motion for relief from stay with appropriate notice of hearing.

       8.       Until the automatic stay is terminated by either further order of this Court or by the filing of the Termination Notice, VPB may not refuse to accept or apply any payment(s) tendered by the Debtors, even if any such payment(s) are late or in an improper amount; however, acceptance by movant of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

       9.       Upon entry of this Consent Order, the automatic stay is modified to permit VPB to send to the Debtors payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

10. Should the Debtors default pursuant to the terms contained herein unless otherwise ordered by this Court, VPB shall be entitled to reasonable attorneys' fees in the amount of $100.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

11. In accordance with the provisions of 11 U.S.C. §362(d)(4), any termination of the automatic stay pursuant to this Order shall serve as an equitable servitude attaching to the Property for a period of five (5) years from the entry of said order so that the automatic stays of 11 U.S.C. §§ 362(a) and 1301(a) shall not affect the Property in the event of a future bankruptcy filing by either of the Debtors, or any person or entity that may obtain title to the Property, during said five (5) year period, and shall not create any automatic stays which would prevent VPB from enforcement of its security interests against the Property.

Richmond, Virginia
Date: May 1 2020

/s/ Keith L Phillips
United States Bankruptcy Judge

Entered on Docket: May 4 2020

**SEEN AND AGREED:**

/s/ Robert F. Moorman
Robert F. Moorman (VSB #39129)
KaneJeffries, LLP
1700 Bayberry Court, Suite 103
Richmond, VA 23226
Phone: (804) 726-5845
Facsimile: (804) 441-8201
Email: rfm@kanejeffries.com
Counsel for Virginia Partners Bank

/s/ James E. Kane
James E. Kane (VSB #30081)
KANE & PAPA, P.C.
P.O. Box 508
Richmond, VA 23218
Phone: (804) 225-9500
Facsimile: (804) 225-9598
Email: jkane@kaneandpapa.com
*Counsel for the Debtors*

5

**SEEN:**

/s/ Suzanne E. Wade
Suzanne E. Wade, Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23226
Phone: (804) 775-0979
Facsimile: (804) 775-0986 (fax)

## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Granting Lift Stay Motion and Modifying the Automatic Stay in Favor Virginia Partners Bank been endorsed by or on behalf of all necessary parties and counsel herein pursuant to Local Rule 9022-1.

        /s/ Robert F. Moorman
        Robert F. Moorman

**Parties to be Served**

Suzanne E. Wade, Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23226

James E. Kane, Esquire
KANE & PAPA, P.C.
P.O. Box 508
Richmond, VA 23218

Robert F. Moorman, Esquire
KaneJeffries, LLP
1700 Bayberry Court, Suite 103
Richmond, VA 23226

Joseph Anthony Nicotera
Carolyn Marie Nicotera
1415 Heatherstone Drive
Fredericksburg, VA 22407

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| In re: | ) | |
|    Joseph Anthony Nicotera | ) | Case No. 20-31700-KLP |
|    and Carolyn Marie Nicotera | ) | Chapter 13 |
|       Debtors. | ) | |
| | ) | |

**NOTICE OF TERMINATION OF AUTOMATIC STAY
(1415 Heatherstone Drive, Fredericksburg, VA 22407)**

PLEASE TAKE NOTICE that Joseph Anthony Nicotera and Carolyn Marie Nicotera (collectively, "Debtors"), the debtors in the above-captioned Chapter 13 case, are in default under the terms of that certain *Consent Order* entered on April _____, 2020 (Docket No. ____) (the "Consent Order"), which conditionally modifying the automatic stay in favor of Virginia Partners Bank ("VPB"), a secured creditor herein, with respect to certain residential real property jointly owned by the Debtors and more particularly described as follows:

> That certain parcel of land in Chancellor District, Spotsylvania County, Virginia, shown as Lot 3, of Edgerton Subdivision, shown on plat of Sullivan, Donahoe and Ingalls, Engineers and Surveyors, dated April 2, 1997 and recorded in Plat file 6, pages 390-391 in the Clerk's Office of the Circuit of Spotsylvania County, Virginia.  Parcel ID/Sidwell Number:  13B15 3
>
> **This Property is commonly knowns as 1415 Heatherstone Drive, Fredericksburg, VA  22407**

PLEASE TAKE FURTHER NOTICE that, under the terms of the Consent Order, commencing on April 1, 2020, the Debtors were required to timely tender monthly installment payments to VPB in the amount of $1,244.37(subject to adjustment due to interest rate changes or escrow changes) (the "Monthly Installments").  Any failure by the Debtors to timely tender a Monthly Installment to VPB constitutes an Event of Default under the Consent Order. Under the

terms of the Consent Order, if two or more Events of Default occur during the term prescribed therein, then the automatic stay imposed by 11 U.S.C. §§ 362(a) and 1301(a) shall immediately terminate upon the filing of this Notice of Termination.

PLEASE TAKE FURTHER NOTICE that the Debtors have failed to timely tender the Monthly Installments that were due on _____ and _____.  As such, under the terms of the Consent Order, the automatic stay imposed by 11 U.S.C. §§ 362(a) and 1301(a) is hereby lifted and terminated, effective as of the date of filing of this Notice of Termination. VPB is hereafter permitted to enforce all of its contractual and state law rights against the Property, including pursuing foreclosure. The termination of the automatic stay shall have in rem effect in accordance with the provisions of 11 U.S.C. §§ 362(d)(4).

Dated: _____, 202_              Respectfully submitted

/s/ Robert F. Moorman_____

Robert F. Moorman, Esq.  VSB #39129
KaneJeffries, LLP
1700 Bayberry Court, Suite 103
Richmond, VA  23226
Phone: (804) 726-5845
Facsimile: (804) 441-8201
Email:  rfm@kanejeffries.com
Counsel for Virginia Partners Bank

### CERTIFICATE OF SERVICE

I hereby certify that on _____, 202_, I caused a copy of the foregoing *Notice of Termination* to be served by electronic means upon all persons designated to receive notice under the CM/ECF system, and upon the following persons via United States mail, first class postage prepaid:

Joseph A. Nicotera
1415 Heatherstone Drive
Fredericksburg, VA  22407

Carolyn M. Nicotera
1415 Heatherstone Drive
Fredericksburg, VA  22407

8

/s/ Robert F. Moorman